IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RAFAEL GERMAN,** | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY DEMAND |
| **NIZOMIDDIN KAMOLOV AND** | ) |
| **STEP TRUCKING, INC.** | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, Rafael German, by and through counsel, and would respectfully submit to the Court the following Complaint against Defendants, Nizomiddin Kamolov and Step Trucking, Inc., state as follows:

## PARTIES

1. Plaintiff, Rafael German, is an adult citizen and resident of Hialeah, Florida at the time of the wreck described below.

2. Defendant, Nizomiddin Kamolov (hereinafter "Defendant Kamolov") upon information and belief, at the time of the wreck, was an adult resident and citizen of Alexandria, Virginia. Upon information and belief, Defendant Kamolov is now residing at 5751 Exeter Court, Apt. 160, Alexandria, VA 22311. At all times relevant to the events, he was an employee/agent of Step Trucking, Inc. and at the time of the wreck described below was operating a 2019 Volvo tractor trailer owned by Step Trucking, Inc.

3. Defendant Step Trucking, Inc. (hereinafter "Defendant Step Trucking") is an Illinois corporation doing business in the State of Tennessee. Its principal place of business is 2800 S. River Road, Suite 918, Arlington Heights, IL 60004. It may be served through its registered agent Patrick Clancy, 321 N. Clark St., Suite 2200, Chicago, IL 60654. Defendant Step Trucking

is the registered owner of the 2019 Volvo tractor/trailer that was being operated by Defendant Kamolov at the time of the events of this Complaint. Defendant Step Trucking, at all material times, was and is a motor carrier that engaged in the business of interstate transportation of general freight throughout the United States and through the State of Tennessee, and, as such, has engaged in the transaction of business within the State of Tennessee.

## JURISDICTION AND VENUE

4. The Plaintiff's claims for relief arise from a vehicular collision (hereinafter "the Wreck") which occurred in Wilson County, Tennessee.

5. Jurisdiction of this matter is based on diversity of citizenship. The Plaintiff files this action in the United States District Court for the Middle District of Tennessee on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) inasmuch as the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs; the Plaintiff in this action is a citizen of a foreign state; and the Defendants in this action are citizens of the United States, are incorporated in the United States, and/or have their principal places of business in the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Venue is proper pursuant to 28 U.S. § 1391(a). Specifically, the Wreck, which is the event giving rise to the claim that is the subject matter of this lawsuit, occurred in Lebanon, Wilson County, Tennessee. All events which form the basis of this Complaint for Damages are based in tort and occurred in Lebanon, Wilson County, Tennessee.

## STATEMENT OF FACTS

7. On June 26, 2021, at approximately 11:05 p.m., the Plaintiff was parked in the parking lot of 921 Murfreesboro, Lebanon, Tennessee. He was in a 2016 KWDT tractor/trailer owned by his employer, Coast Express Trucking, Inc.

2

8. On the same date and at approximately the same time, Defendant Kamolov, a professional truck driver, was driving a 2019 Volvo tractor/trailer owned and/or controlled, registered and titled by Defendant Step Trucking.

9. At all relevant times, Defendant Kamolov was operating the vehicle owned by Defendant Step Trucking and while working for and on behalf of Defendant Step Trucking. Defendant Kamolov was in the course and scope of his employment or agency relationship while on the business of and with the permission of Defendant Step Trucking and under its supervision and control.

10. Defendant Step Trucking is liable for the negligent actions and omissions and breaches of duty by Defendant Kamolov. Defendant Step Trucking is liable pursuant to Tenn. Code Ann. §§ 55-10-311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency and/or the Federal Motor Carrier Safety Regulations.

11. Plaintiff was not driving the vehicle, but was resting in the truck which was legally parked in the parking lot.

12. Defendant Kamolov was turning into the entrance of the parking lot at 921 Murfreesboro when his vehicle struck the front of the vehicle Plaintiff was in causing injuries to the Plaintiff.

### I. NEGLIGENCE, NEGLIGENCE *PER SE*, AND RECKLESSNESS

13. Defendant Kamolov had a duty to exercise reasonable awareness of his surroundings, of other vehicles on the roadway, and Plaintiff in particular.

14. Defendant Kamolov had a duty to operate the 2019 Volvo tractor/trailer he was driving with reasonable safety under the circumstances and to obey the traffic laws in effect at the time and place of the wreck.

15. Defendant Kamolov failed to adhere to the duty required of him in several particulars, each of which constitutes negligence, negligence *per se* and/or recklessness, including, but not limited to, the following:

   a. failure to maintain a proper lookout for other vehicles;

   b. failure to operate vehicle with reasonable safety under the circumstances;

   c. failure to maintain control of vehicle;

   d. improper passing; and

   e. failure to use due care under the circumstances.

16. Defendant Kamolov's negligent acts, omissions, and breaches of duty, as stated above, caused him to negligently, recklessly, forcefully, and without warning, collide with the front of Plaintiff's vehicle. Additionally, Defendant Kamolov's negligent acts, omissions, and breaches of duty amounted to the following breaches of Tennessee state law which constitutes negligence *per se:*

   a. Failure to maintain a proper lookout;

   b. Failure to maintain control of a motor vehicle;

   c. Failure to exercise due care pursuant to Tenn. Code Ann. § 55-8-136; and

17. At all relevant times, Defendant Kamolov was operating the 2019 Volvo tractor/trailer owned by Defendant Step Trucking while working for and on behalf of Defendant Step Trucking. Defendant Kamolov was acting in the course and scope of his employment or agency relationship with Defendant Step Trucking while on the business of Defendant Step Trucking and with the permission of Defendant Step Trucking and under its supervision and control. Defendant Step Trucking is therefore liable for all of the negligent actions and omissions and breaches of duty by Defendant Kamolov pursuant to Tennessee Code Annotated §§ 55-10-

311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency, and/or the Federal Motor Carrier Safety Regulations.

18. Defendant Kamolov operated in derogation of the Federal Motor Carrier Safety Regulations which require that laws, ordinances and regulations of the jurisdiction in which he operated his vehicle be followed.

## II. NEGLIGENCE, NEGLIGENCE *PER SE*, RECKLESSNESS and VICARIOUSLY LIABLE-DEFENDANT STEP TRUCKING, INC.

19. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence and negligence *per se* which directly and proximately caused the wreck forming the basis of this action, and Plaintiffs' injuries and resulting damages.

20. As registered an owner of the 2019 Volvo tractor/trailer that Defendant Kamolov was operating at the time of the wreck, Defendant Step Trucking is and should be vicariously liable for Defendant Kamolov's negligent acts and omissions under Tenn. Code Ann. §§ 55-10-311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency, and/or the family purpose doctrine.

21. Defendant Step Trucking gave express permission to Defendant Kamolov to use the 2019 Volvo tractor/trailer that crashed into Plaintiff's vehicle.

22. Defendant Kamolov was employed by Defendant Step Trucking at the time of this wreck. During all relevant times herein, Defendant Kamolov performed his duties under the direction of and/or in the course and scope of his employment with Defendant Step Trucking. As such, the negligence and/or gross negligence of Defendant Kamolov is imputed to Defendant Step Trucking pursuant to the doctrine of *respondeat superior* rendering Defendant Step Trucking vicariously liable for the acts of Defendant Kamolov.

23. Upon information and belief, Defendant Step Trucking was negligent in that Defendant Step Trucking knew or should have known that the decision to allow Defendant

Kamolov to operate the 2019 Volvo tractor/trailer created a foreseeable danger to third parties and to the Plaintiff in particular. Said negligence was a substantial and proximate cause of the injuries and damages suffered by the Plaintiff.

24. As set forth in Tenn. Code Ann. Section 55-10-311, "In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile . . . within this state, proof of ownership of such vehicle shall be *prima facie* evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose . . . ."

25. Furthermore, as set forth in Tenn. Code Ann. Section 55-10-312, "Proof of the registration of the motor-propelled vehicle in the name of any person shall be prima facie evidence of ownership of the motor propelled vehicle by the person in whose name the vehicle is registered. . . ."

26. Therefore, as registered owner of the 2019 Volvo tractor/trailer that Defendant Kamolov was driving at the of this wreck and Defendant Step Trucking should be liable under, the doctrine of *respondeat superior* and/or the doctrine of agency, for Defendant Kamolov's negligent driving.

27. Defendant Step Trucking was acting by and through its employees/agents and is responsible for the acts of these employees and agents pursuant to *respondeat superior*, agency or similar theory of law.

28. Defendant Step Trucking was negligent in hiring and/or contracting with Defendant Kamolov to drive the tractor trailer at issue.

29. Defendant Step Trucking was negligent in training Defendant Kamolov to properly drive the tractor-trailer.

6

Case 3:22-cv-00467   Document 1   Filed 06/22/22   Page 6 of 9 PageID #: 6

30. Defendant Step Trucking was negligent in entrusting Defendant Kamolov to drive the tractor-trailer professionally.

31. Defendant Step Trucking was negligent in retaining Defendant Kamolov.

32. Defendant Step Trucking failed to supervise Defendant Kamolov to properly drive the tractor-trailer.

33. Defendant Step Trucking was negligent in dispatching and/or routing, which induced or encourage hazardous and irresponsible operation of its vehicles by employees and operators such as Defendant Kamolov or alternatively, failing to enforce policies to prevent drivers from engaging in such practices.

34. Defendant Step Trucking was negligent in its failure to exercise ordinary care to determine their employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

35. Defendant Step Trucking had a duty to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies to ensure its drivers and vehicles were reasonably safe and the public was protected, and negligently failed to do so.

36. Defendant Step Trucking failed to formulate and implement proper risk management systems to identify the risk of hazardous driving by its drivers, and failed to formulate appropriate policies, training, and systems to reduce the risks of hazards to members of the public, such as the Plaintiffs, from such hazardous driving.

37. Defendant Step Trucking controlled the Defendant Kamolov, exercised authority to direct how Defendant Kamolov operated tractor-trailer, controlled the route, and at all times, the tractor-trailer that was being operated by Defendant Kamolov for Defendant Step Trucking benefit.

### III. INJURIES AND DAMAGES

38. Immediately prior to the injuries he incurred in the wreck, the Plaintiff was in good health and able-bodied. But for the wreck, the injuries to the Plaintiff would not have occurred.

39. As a direct and proximate result of the wreck and the Defendants' negligent conduct, Plaintiff suffered bodily injuries which resulted in pain and suffering and loss of capacity for enjoyment of life. Plaintiff has suffered great pain and discomfort as a result of the injuries he sustained in the wreck.

40. As a direct and proximate result of the negligence and negligence *per se* of the Defendants, Plaintiff has been injured. Plaintiff's injuries include, but are not limited to the following:

    a. Physical pain and suffering associated with injuries he received in the wreck of a past, present, and future nature;

    b. Loss of enjoyment of life;

    c. Costs of medical treatment and pharmaceutical products of a past, present, and future nature.

41. Defendants' conduct in this case was carless and reckless. Defendants' actions and inactions showed a wanton and reckless disregard of the possible harm to the Plaintiff. Defendants were the sole and proximate cause of the wreck.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. That said Complaint be served on Defendant Kamolov and Defendant Step Trucking, and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That judgment against the Defendants be awarded to the Plaintiff in the amount of $500,000.00 for bodily injury, medical expenses, and loss of enjoyment of life.

3. That the costs of this action be taxed to the Defendants;

4. That Plaintiff have such other and further relief as the Court deems appropriate in the circumstances; and

5. The Plaintiff demand a trial by jury.

Respectfully submitted,

s/ William Mayfield
William Mayfield, #35638
Matthew C. Hardin, #21505
Matt Hardin Law, PLLC
207 23rd Ave. North
Nashville, TN 37203
(615) 200-1111 (phone)
(615) 200-1112 (facsimile)
william@matthardinlaw.com
matt@matthardinlaw.com